IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00222-MR-WCM

| | |
|---|---|
| ZACHARY HEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CITY OF ASHEVILLE, NORTH ) | |
| CAROLINA, and BEN WOODY, ) | |
| individually and in his official ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney Fees and Non-Taxable Expenses [Doc. 30].

## I.  PROCEDURAL BACKGROUND

The Plaintiff Zachary Hebb ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 by filing his Verified Complaint against the City of Asheville and Ben Woody (collectively, "Defendants"), on October 20, 2022.[1] [Doc. 1]. The Plaintiff alleged in his Complaint that the version of Asheville Ordinance § 10-85(2) that was then in existence violated his free speech and

---

[1] The Plaintiff initially sued Woody both individually and in his official capacity as Asheville's Director of Development Services. [See Doc. 1]. The Plaintiff subsequently dismissed his individual capacity claims against Woody. [See Docs. 11, 14].

due process rights under the United States Constitution.  [Id. at 31].  On October 24, 2022, the Plaintiff moved for entry of a preliminary injunction and on November 15, 2022, the Defendants filed a motion to dismiss.  [Docs. 3, 9].  After these motions were briefed, this Court entered an Order on February 8, 2023, enjoining the Defendants from enforcing the original version of the amplification ban ordinance and denying their motion to dismiss.  [Doc. 14].

On August 22, 2023, the City amended the original amplification ban and other portions of its noise ordinance.  [See Doc. 21 at 2 ¶ 4].  The Defendants then filed another Motion to Dismiss on October 13, 2023.  [Id. at 3].  On November 15, 2023, the Plaintiff filed a Motion for Summary Judgment seeking to permanently enjoin the Defendants from enforcing the amended version of the ordinance and to recover nominal damages.  [Doc. 25].  On March 25, 2024, this Court entered an order granting the Plaintiff's Motion for Summary Judgment, awarding the Plaintiff nominal damages in the amount of one dollar, and permanently enjoining the Defendants from enforcing the amended ordinance.  [Doc. 28].

The Plaintiff subsequently filed the present Motion for Attorney Fees pursuant to 42 U.S.C. § 1988.  [Doc. 30].  The Plaintiff seeks $138,997.50 in attorney fees and $5,947.28 in non-taxable expenses.  [Doc. 31].

The Defendants filed a Response in Opposition to the Plaintiff's Motion.[2] [Doc. 34]. The Defendants do not contest that Plaintiff Hebb is the prevailing party in this matter and is entitled to an award of fees but ask the Court to reduce the requested award. [Doc. 34]. The Plaintiff did not file a reply.

Having been fully briefed, this matter is ripe for disposition.

## II. DISCUSSION

Title 42 of the United States Code, Section 1988 provides that "[i]n any action or proceeding to enforce a provision of [42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). A plaintiff constitutes a "prevailing party" if he "succeed[s] on any significant issue in litigation which achieves some of the benefit [he] sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). It is undisputed that Plaintiff Hebb is a

---

[2] On the same day, the Defendants appealed the Orders denying their Motions to Dismiss and granting the Plaintiff preliminary and permanent injunctions. [Docs. 33, 36]. That appeal remains pending. The Defendants did not file a motion to stay consideration of the Plaintiff's request for fees pending appeal; rather, they only raise the issue in their response brief. Motions, however, are not to be included in responsive briefs. See LCvR 7.1(c)(2). In the exercise of its discretion, the Court will proceed to address the merits of the Plaintiff's fee petition, notwithstanding the pending appeal. See Fed. R. Civ. P. 54(d)(2), advisory committee's note to 1993 amendment ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice."); see also Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004) (holding that "notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees").

"prevailing party" and thus entitled to an award of attorneys' fees under § 1988.

"The starting point for establishing the proper amount of an award is the number of hours reasonably expended, multiplied by a reasonable hourly rate." Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 174 (4th Cir. 1994). The burden is on the fee applicant to justify the reasonableness of the requested fee. See Blum v. Stenson, 465 U.S. 886, 897 (1984).

In exercising its discretion in the application of this lodestar method, the Court is guided by the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (quoting Spell v. McDaniel, 824 F.2d 1380, 1402 n.8 (4th Cir. 1987)). "Although the Court considers all of the factors, they need not be strictly applied in every case inasmuch as all of the factors are not always applicable." Firehouse

Restaurant Group, Inc. v. Scurmont LLC, No. 4:09-cv-00618-RBH, 2011 WL 4943889, at *12 (D.S.C. Oct. 17, 2011) (citing EEOC v. Service News Co., 898 F.2d 958, 965 (4th Cir. 1990)).

### A.  Time and Labor Expended

The Court begins its lodestar analysis with considering the time and labor expended by the Plaintiff's attorneys.  "In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'"  Doe v. Kidd, 656 F. App'x 643, 656 (4th Cir. 2016) (quoting in part Hensley, 461 U.S. at 434).

The Plaintiff Hebb was represented by two attorneys in this action: Nathan W. Kellum of Memphis, Tennessee, and B. Tyler Brooks of Greensboro, North Carolina.[3]  Mr. Kellum recorded 358.6 hours in work expended in the prosecution of this action.  [Doc. 30-1 at ¶ 75].  After reviewing his billing statement, however, Mr. Kellum reduced his billing by 43.9 hours (to a total of 314.7 hours) to account for some activities that "would not be suitable to bill a paying client," such as excessive time spent preparing the Complaint, a portion of his travel time, time spent on clerical

---

[3] During the pendency of this action, Mr. Brooks relocated to Chicago, Illinois; however, he remains as local counsel in this action.

work, time spent on claims that were ultimately dismissed, and time spent preparing the motion for fees. [Id. at ¶¶ 68-74]. Mr. Kellum contends that he should be compensated at a rate of $425.00 per hour; therefore, Mr. Kellum seeks $133,747.50 as a reasonable attorney fee in this action. [See Doc. 31 at 3].

Attorney B. Tyler Brooks recorded 15 hours in work expended on the prosecution of this action. [Doc. 30-3 at ¶ 16]. Mr. Brooks contends that he should be compensated at a rate of $350.00 per hour; therefore, Mr. Brooks seeks $5,250.00 as a reasonable attorney fee in this action. [See Doc. 31 at 3].

The Defendants argue that the number of hours spent on pre-filing matters is excessive, especially considering the eventual dismissal of the individual capacity claims against Defendant Woody. [Doc. 34 at 2].

The Court has reviewed the time statements prepared by Plaintiff's counsel. [Docs. 30-2, 30-4]. Even after Mr. Kellum's reduction of hours in exercise of billing judgment, the time spent preparing the Complaint accounts for 37.3 hours, which does not include an additional 31.5 hours billed for pre-filing investigation and research. [Doc. 30-2 at 2-6]. The Court finds the combination of these hours to be excessive, and will, in its discretion, reduce Mr. Kellum's time by an additional fifteen (15) hours.

An additional 11.5 hours is billed for time spent reviewing local rules, complying with local rules, and emailing or reviewing emails from local counsel. [Id. at 7-23]. The Court finds this quantity of hours to be excessive and duplicative, as knowledge of and compliance with local rules is the precise role of local counsel. In its discretion, the Court will further reduce the total time billed by seven (7) hours, six (6) of which will be deducted from Mr. Kellum's time, and one (1) of which will be deducted from Mr. Brooks' time.

The Court also notes that nearly thirty (30) hours were billed by Mr. Kellum for the preparation of the present Motion and its accompanying exhibits. [Id. at 21-23]. "Although it is well settled that the time spent [establishing] entitlement to attorney's fees is properly compensable under § 1988, it is nevertheless within the district court's discretion to determine exactly what amount would compensate the party sufficiently for the time spent on the fees phase of a lawsuit." Trimper v. City of Norfolk, Va., 58 F.3d 68, 77 (4th Cir. 1995) (citing Daly v. Hill, 790 F.2d 1071, 1080 (4th Cir.1986)) (internal citation omitted). The Court finds that the time Mr. Kellum spent on the fee petition was excessive. Therefore, the Court in its discretion deducts twenty (20) hours from the time spent on preparing the fee petition.

7

Additionally, Mr. Kellum billed one-tenth of an hour, or 6 minutes, 184 distinct times (for a total of 18.4 hours). Many of these were listed as simply reviewing emails or notices. [Id. at 1-23]. Many, if not most, of these tasks would ordinarily be accomplished in far less than the six minutes reported. As such, the total amount claim for these rudimentary tasks must be reduced.

Other billing descriptions are confusing or too vague for this Court to evaluate. For example, Attorney Kellum bills 0.2 hours for "Email T. Brooks re: identity of judge," and then 0.3 hours for "Review judicial preferences." [Doc. 30-2 at 7]. However, a few days later, he bills 0.1 hours for "Review notice of judicial assignment." [Id. at 8]. Another entry for 1.2 hours simply says, "Analyze file for litigation." [Id. at 1]. Yet another entry for 1.2 hours says, "Evaluate for MSJ." [Id. at 17]. Because these and several other entries are not specific enough for this Court to give merit, and because of the abundance of 0.1 hour entries, the Court will further reduce Mr. Kellum's time by eighteen (18) hours.[4]

In sum, given the excessive and duplicative hours billed for investigation, research, and preparation of the Complaint, compliance with local rules and communication with local counsel, the work spent on the

---

[4] The Court notes the same issues with numerous 0.1 hour entries and vague entries do not plague the billing statement from Mr. Brooks, and therefore, these hours will be solely deducted from Mr. Kellum's time.

preparation of the present Motion, as well as the notable number of very short or vague billing entries, the Court finds that the Plaintiff's accounting of hours includes time that was "redundant, excessive, or otherwise unnecessary." The Court will therefore, in its discretion, reduce Mr. Kellum's time by a total of fifty-nine (59) hours to a total of 255.7 hours and will reduce Mr. Brooks' time by one (1) hour to fourteen (14) hours.

### B. Novelty and Difficulty of the Questions Raised

As for the novelty and difficulty of the questions raised, the Court notes that this case presented several complex issues in an already complicated area of constitutional law, including: the legal standards for free speech claims; the law of buffer zones; the competing interests of local regulation and constitutional rights; noise ordinances; statutory interpretation; and mootness. The litigation involved a preliminary injunction, two motions to dismiss, and a disputed motion for summary judgment. The novelty and difficulty of the issues in this case, while not extreme, weigh in favor of a substantial fee.

### C. Skill Required to Properly Perform the Legal Services

This case required a considerable degree of skill and familiarity with civil rights law and practice. As already noted, there were multiple factual

and legal issues involved, and the Defendants defended each issue at each stage in litigation. This factor, therefore, weighs in favor of a substantial fee.

D. **Opportunity Costs of Litigation**

Under the relevant factors, an "attorneys' opportunity costs include the higher rates they would have otherwise charged in other cases and projects." Irwin Indus. Tool Co. v. Worthington Cylinders Wis., LLC, 747 F. Supp. 2d 568, 596 (W.D.N.C. 2010). Here, Plaintiff Hebb's counsel spent a significant amount of time working on his case. Both attorneys in this case work for legal nonprofits that provide pro bono legal services; therefore, they would not have received more compensation from another client since clients are not required to pay. Though not explained in the Plaintiff's motion, the Court will take judicial notice that non-profit organizations that pursue civil rights actions are funded in part by the fees awarded when they are successful in such pursuits. While the prosecution of this case may have drawn counsel's time and resources away from other such potentially successful remunerative claims, such is not clear on this record. As such, the Court finds that this factor does not warrant any fee greater than that calculated based upon the lodestar method.

## E. Customary Fee for Similar Work

As the Fourth Circuit has recognized:

> Determination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate. In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award. Although the determination of a market rate in the legal profession is inherently problematic, as wide variations in skill and reputation render the usual laws of supply and demand largely inapplicable, the Court has nonetheless emphasized that market rate should guide the fee inquiry.

Robinson v. Equifax Info. Svcs., LLC, 560 F.3d 235, 244 (4th Cir. 2009) (citing Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990)). In addition to consideration of specific evidence regarding the prevailing market rate, the Court may rely upon its own knowledge and experience of the relevant market in determining a reasonable rate. See Rum Creek Coal, 31 F.3d at 175 ("The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits.").

Here, Mr. Kellum and Mr. Brooks seek to be awarded fees based on the hourly rates of $425.00 and $350.00, respectively. In support of their request, counsel have submitted a declaration from attorney David G. Redding, who is experienced in litigating complex civil cases and cases

involving First Amendment rights in western North Carolina. [Doc. 30-5 at ¶ 5]. Mr. Redding opines that the hourly rates sought by the Plaintiff's attorneys are consistent with those within this judicial district for similar services offered by lawyers with comparable experience and levels of expertise. [Id. at ¶¶ 8-11]. The Court particularly notes that Mr. Kellum's 36 years of experience in the practice of law, the vast majority of which involved litigating cases in the very specialized field at issue in this case, warrant the higher rate that he claims. Based on the Court's own experience and familiarity with the hourly rates charged in western North Carolina, the Court finds that the rates of $425.00 and $350.00 per hour for the work performed by these attorneys are reasonable and in keeping with the prevailing rates in this particular market. Accordingly, Mr. Kellum's hours will be calculated at the rate of $425.00 per hour, while Mr. Brooks' hours will be calculated at the rate of $350.00 per hour.

### F. Attorneys' Expectation at Outset of Litigation

At the outset of litigation, the Plaintiff's attorneys agreed to take this case despite their awareness of the possibility that the Plaintiff would almost certainly not receive a monetary award, even if he prevailed, as the relief that he sought was equitable in nature. As such, counsel's only avenue of compensation was pursuant to § 1988, which was uncertain and limited in

scope—unlike a percentage contingency fee as might be available in a case where monetary damages are potentially available. As such, counsel's expectations at the outset of the litigation would have been clearly understood and well-defined by the statutory parameters of the claim.

G.   **Time Limitations**

The civil rights claims brought by the Plaintiff were ongoing; therefore, his attorneys sought to file his Complaint as quickly as possible and to seek a preliminary injunction, requiring them to work quickly. [Doc. 31 at 11]. Aside from otherwise expected deadlines of litigation, there were no other unusual time limitations imposed by Plaintiff Hebb or this litigation that would merit any impact on the requested award. Therefore, this factor weighs modestly in favor of the requested award.

H.   **Experience, Reputation, and Ability of Counsel**

Both attorneys involved in this matter are experienced lawyers. As further explained in subpart E *supra*, the Court concludes that the requested hourly rates of $425.00 and $350.00 for the work performed by these attorneys are reasonable.

I.   **Undesirability of the Case in the Legal Community**

Complex § 1983 actions are admittedly difficult to litigate. The complexity of this action was compounded by the factual and legal issues

presented in this particular case. Additionally, as mentioned above, this case had little chance for a substantial award of monetary damages, further disincentivizing attorneys from pursuing it. In light of these issues, the Court concludes that this case was generally undesirable in the legal community, a factor which weighs in favor of a substantial fee.

J.  **Relationship between the Attorneys and Clients**

Aside from the customary relationship between Plaintiff Hebb and his legal counsel, there is not a unique situation or relationship in this case that weighs in favor of or against the requested fee award.

K.  **Fee Awards in Similar Cases**

The Plaintiff cites one civil rights case in which the plaintiff prevailed but received only nominal damages and the court subsequently awarded attorneys' fees. [See Doc. 31 at 14 (citing Price v. City of Fayetteville, N.C., No. 5:13-CV-150-FL, 2015 WL 1222168, at *10 (E.D.N.C. Mar. 17, 2015)) (reducing requested award of $227,392.43 and awarding $156,379.60 in attorneys' fees; plaintiff previously awarded nominal damages and injunctive relief)]. The record before the Court herein is insufficient to establish what may be a customary award of fees in similar cases and thus weighs neither in favor of nor against awarding the full of amount of fees incurred.

14

Case 1:22-cv-00222-MR-WCM    Document 39    Filed 01/21/25    Page 14 of 18

## L. Amount Involved and Results Obtained

As noted by the Supreme Court, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Hensley, 461 U.S. at 436). Here, Plaintiff Hebb prevailed on all of his claims, albeit only for injunctive relief and nominal damages. Thus, this factor weighs in favor of awarding the entire lodestar amount, as adjusted *supra*.

## M. Costs and Expenses

In addition to an award of fees, the Plaintiff seeks recovery of the following expenses pursuant to § 1988:

| | |
|---|---:|
| Pro Hac Vice Fee | 288.00 |
| Travel for Mediation: | |
|     Food/Drink | 117.12 |
|     Flight, Hotel, Rental Car, Parking | 1,298.26 |
| Mediation Expense | 2,913.90 |
| Westlaw | 812.00 |
| Copies (2,072 pages @ $0.25) | 518.00 |
| **TOTAL:** | **$5,947.28** |

[Doc. 30-2 at 24].

"A prevailing plaintiff in a civil rights action is entitled, under § 1988, to recover those reasonable out-of-pocket expenses incurred by the attorney

15
Case 1:22-cv-00222-MR-WCM   Document 39   Filed 01/21/25   Page 15 of 18

which are normally charged to a fee-paying client, in the course of providing legal services." Spell, 852 F.2d at 771 (citation and internal quotation marks omitted). The Fourth Circuit has held that such out-of-pocket expenses may include "supplemental secretarial costs, copying, telephone costs and necessary travel." Wheeler v. Durham Bd. of Educ., 585 F.2d 618, 623 (4th Cir. 1978) (footnote omitted); accord Sussman v. Patterson, 108 F.3d 1206, 1213 (10th Cir. 1997) (allowing items such as "photocopying, mileage, meals and postage" as compensable expenses under § 1988).

"An expense award, like an attorney's fee, must adequately compensate counsel without resulting in a windfall." Daly, 790 F.2d at 1084 n.18. "Prevailing attorneys must exercise 'billing judgment,' for expenses 'not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." Id. (quoting Hensley, 461 U.S. at 434) (emphasis in original).

The Court will not award expenses incurred in seeking pro hac vice admission of counsel or conducting computer assisted legal research, as such overhead expenses are incurred by the attorney and are not properly chargeable to the client. Cf. Schmitz-Werke GmbH %8f Co. v. Rockland Indus., Inc., 271 F.Supp.2d 734, 735 (D. MD. 2003) (holding that pro hac vice fees are not recoverable under § 1920); BAM Cap., LLC v. Houser

Transp., Inc., No. 519CV00105KDBDCK, 2020 WL 97459, at *5 (W.D.N.C. Jan. 8, 2020) (declining to award computer research costs as either costs or expenses). Accordingly, the Court will award the Plaintiff a total of $4,847.28 in expenses under 42 U.S.C. § 1988.

## III. CONCLUSION

In total, the Plaintiff's attorneys claimed 314.7 hours to be compensated at the rate of $425.00 for Attorney Kellum and 15 hours to be compensated at the rate of $350.00 per hour for Attorney Brooks. While the Court concludes that the hourly rates requested are reasonable, the total number of hours should be reduced in order to account for Mr. Kellum's vague billing, the excessive time spent related to the investigation and preparation of the Complaint, and the time spent preparing the present Motion. Multiplying those reduced hours by the reasonable hourly rate determined by the Court results in the following lodestar amount:

| Attorney | Hours | Hourly Rate | Fees Awarded |
|---|---|---|---|
| Kellum | 255.7 | 425.00 | $108,672.50 |
| Brooks | 14.0 | 350.00 | 4,900.00 |
| **TOTAL** | | | **$113,572.50** |

For the reasons stated herein, the Court finds and concludes that this lodestar amount constitutes a reasonable attorneys' fee in this matter. The Court also awards the Plaintiff a total of $4,847.28 in expenses, for a total award of $118,419.78 under 42 U.S.C. § 1988.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff Hebb's Application to Award Attorneys' Fees [Doc. 30] is **GRANTED**, and Plaintiff Hebb is hereby awarded $118,419.78 in attorneys' fees and expenses pursuant to 42 U.S.C. § 1988.

The Clerk of Court is respectfully instructed to prepare an Amended Judgment in accordance with this Order.

**IT IS SO ORDERED**.

Signed: January 17, 2025

Martin Reidinger
Chief United States District Judge